U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC 19 2018
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:18-CR-427 (FJS) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| DAITWAUN FAIR, | ) | Violation:   21 U.S.C. §§ 841(a)(1) and |
| ROBERT PAYNE, | ) | 846 [Conspiracy to Possess |
| MARGARET BOWMAN, | ) | with Intent to Distribute and to |
| TROY JACKSON, | ) | Distribute Controlled |
| BRIAN MCALPINE, | ) | Substances] |
| JAMES ZUPAN, | ) | 21 U.S.C. § 841(a)(1) |
| MARRELL EDWARDS, | ) | [Distribution and Possession |
| THEODORE FOWLER, | ) | with Intent to Distribute |
| MARCUS SALES, | ) | Controlled Substances] |
| QUALIK VAUGHN, | ) | 21 U.S.C. § 856(a) |
| TIMOTHY BOWMAN, | ) | [Maintaining a Drug-Involved |
| ROOSEVELT KNIGHT, and | ) | Premises] |
| MICHAEL STARKEY, | ) | |
| | ) | |
| | ) | 7 Counts & Forfeiture Allegation |
| **Defendants.** | ) | |
| | ) | County of Offense:   Onondaga and elsewhere |

## THE GRAND JURY CHARGES:

### COUNT 1
**[Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances]**

From in or about April 2018 to October 2018, in Onondaga County in the Northern District of New York, and elsewhere, the defendants,

**DAITWAUN FAIR,
ROBERT PAYNE,
MARGARET BOWMAN,
TROY JACKSON,
BRIAN MCALPINE,
JAMES ZUPAN,
MARRELL EDWARDS,
THEODORE FOWLER,
MARCUS SALES,
QUALIK VAUGHN,**

**TIMOTHY BOWMAN,
ROOSEVELT KNIGHT, and
MICHAEL STARKEY,**

conspired with each other and others to knowingly and intentionally possess with intent to distribute and to distribute one or more controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

As to defendant **DAITWAUN FAIR,** that violation involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B), and cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

As to defendants **ROBERT PAYNE, MARRELL EDWARDS, MARCUS SALES,** and **TIMOTHY BOWMAN,** that violation involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

As to defendants **BRIAN MCALPINE** and **JAMES ZUPAN,** that violation involved cocaine and cocaine base, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(b)(1)(C).

As to defendants **MARGARET BOWMAN, TROY JACKSON, THEODORE FOWLER, QUALIK VAUGHN, ROOSEVELT KNIGHT,** and **MICHAEL STARKEY,** that violation involved cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 2
[Possession with Intent to Distribute a Controlled Substance]

On or about October 2, 2018, in Onondaga County, in the Northern District of New York, defendant **DAITWAUN FAIR,** did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNTS 3 through 5
[Distribution and Possession with Intent to Distribute a Controlled Substance]

On or about each of the dates listed below, in Onondaga County, in the Northern District of New York, defendant **BRIAN MCALPINE** knowingly and intentionally distributed and possessed with intent to distribute one or more controlled substances.

| Count | Date | Controlled Substance(s) Involved in Offense |
|---|---|---|
| Three | April 9, 2018 | Cocaine Base |
| Four | April 20, 2018 | Cocaine Base |
| Five | May 10, 2018 | Cocaine Base and Fentanyl |

Cocaine base and fentanyl are both Schedule II controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 6
[Maintaining Drug-Involved Premises]

From in or about July 2018, through in or about October 2018, in Onondaga County, in the Northern District of New York, defendant **DAITWAUN FAIR** did knowing open, use, and maintain a place, that is 134 Coolidge Avenue, Syracuse, New York, for the purpose of unlawfully distributing a controlled substance, that is cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a)(1).

3

## COUNT 7
### [Maintaining Drug-Involved Premises]

From in or about July 2018, through in or about October 2018, in Onondaga County, in the Northern District of New York, defendant **MARGARET BOWMAN,** while managing and controlling a place at 134 Coolidge Avenue, Syracuse, New York, as a lessee and occupant, did knowingly and intentionally make that place available for use for the purpose of unlawfully storing and distributing a controlled substance, that is cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a)(2).

### ALLEGATIONS REGARDING PRIOR FELONY DRUG CONVICTIONS

1. Count One is re-alleged herein and incorporated by reference.

2. Defendant **ROBERT PAYNE** is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(B), because of the following prior conviction for a felony drug offense which has become final: on or about March 16, 1998, in Tompkins County Court, **PAYNE** was convicted of Attempted Criminal Possession of a Narcotic Drug in the Fourth Degree, in violation of New York State Penal Law Section 220.09(1), and on that date was sentenced to five (5) years' probation.

3. Defendant **TROY JACKSON** is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(C), because of the following prior convictions for a felony drug offense which have become final: (1) on or about December 14, 2012, in Onondaga County Court, **JACKSON** was convicted of Criminal Possession Controlled Substance in the Third Degree, in violation of New York State Penal Law Section 220.16(1), and on that date was sentenced to two (2) years' incarceration; and (2) on or about May 30, 2000, in Onondaga County Court, **JACKSON** was convicted of Criminal Sale of a Controlled Substance in the Third Degree,

in violation of New York State Penal Law Section 220.39(1), and on that date was sentenced to one (1) to three (3) years' incarceration.

4.     Defendant **MARRELL EDWARDS** is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(B), because of the following prior convictions for a felony drug offense which have become final: (1) on or about November 30, 2007, in Onondaga County Court, **EDWARDS** was convicted of Criminal Possession Controlled Substance in the Fifth Degree, in violation of New York State Penal Law Section 220.06(5), and on that date was sentenced to 18 months' incarceration; (2) on or about October 28, 2003, in Onondaga County Court, **EDWARDS** was convicted of Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York State Penal Law Section 220.06(1), and on that date was sentenced to 42 months' to 7 years' incarceration; and (3) on or about March 15, 1995, in Onondaga County Court, **EDWARDS** was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York State Penal Law Section 220.16, and on that date was sentenced to 1 to 3 years' incarceration.

5.     Defendant **THEODORE FOWLER** is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(C), because of the following prior convictions for a felony drug offense which have become final: (1) on or about November 17, 2016, in Onondaga County Court, **FOWLER** was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York State Penal Law Section 220.16(1), and on that date was sentenced to 30 months' incarceration; and (2) on or about January 6, 2014, in Onondaga County Court, **FOWLER** was convicted of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York State Penal Law Section 220.39(1), and on that date was sentenced to 2 years; incarceration; and (3) on or about February 17, 2009, in Onondaga

County Court, **FOWLER** was convicted of Criminal Possession of a Controlled Substance in the Fourth Degree, in violation of New York State Penal Law Section 220.09(1), and on that date was sentenced to five (5) years' probation.

6. Defendant **QUALIK VAUGHN** is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(C), because of the following prior convictions for a felony drug offense which have become final: (1) on or about May 22, 2015, in Onondaga County Court, **VAUGHN** was convicted of Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York State Penal Law Section 220.06(1), and on that date was sentenced to 18 months' incarceration; (2) on or about June 25, 2014, in Onondaga County Court, **VAUGHN** was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York State Penal Law, Section 220.16(1), and on that date was sentenced to one year of probation.

## FORFEITURE ALLEGATION

1. The allegation contained in Count One of this Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and 846, the defendants, **DAITWAUN FAIR, ROBERT PAYNE, MARGARET BOWMAN, TROY JACKSON, BRIAN MCALPINE, JAMES ZUPAN, MARRELL EDWARDS, THEODORE FOWLER, MARCUS SALES, QUALIK VAUGHN, TIMOTHY BOWMAN, ROOSEVELT KNIGHT,** and **MICHAEL STARKEY**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such

6

offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a.    A money judgment in the amount of the unrecovered proceeds obtained by each defendant.

3.    The allegation contained in Counts Three, Four, and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

4.    Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, **BRIAN MCALPINE**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a.    A money judgment in the amount of $200 (Count Three).

    b.    A money judgment in the amount of $200 (Count Four).

    c.    A money judgment in the amount of $280 (Count Five).

5.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated: December 19, 2018

A TRUE BILL, *Name Redacted

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By:

Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984